STATE, EX REL. BURCHETT, PLAINTIFF-RELATOR, *v.* JUVENILE COURT ET, DEFENDANT-RESPONDENT.

Ohio Appeals, Fourth District, Scioto County.

No. 740.   Decided December 7, 1962.

358

*Messrs. Kimble, Schapiro, Stevens, Harsha & Harsha, Mr. Aronhold C. Schapiro,* of counsel, *Messrs Jackman, Nichols & Grubbs, Mr. D. Harland Jackman,* of counsel, for plaintiff-relator.

*Mr. Paul E. Fowler,* in Propria Persona defendant-respondent.

*Mr. William D. Kennedy,* Amicus Curiae.

*Per Curiam.* This action was commenced in this court by the relator, Roy Burchett, seeking a writ of prohibition against the Honorable Paul E. Fowler, Probate and Juvenile Judge of Scioto County, Ohio, as respondent, seeking to have such Judge desist and refrain from any further proceedings on a complaint filed in the Juvenile Court of Scioto County on August 28, 1962, by Bertha Mae Burchett alleging James Ralph Burchett to be a dependent child.

The respondent has filed a general demurrer to relator's petition thereby admitting the truth for the purpose of testing the legal sufficiency of all the facts well pleaded.

The relator, in his petition, in substance, alleges that for more than six years he has been a bona fide resident of Madison County, Ohio, that he is the husband of Bertha Mae Burchett, and by adoption, the father of James Ralph Burchett; that Bertha Mae Burchett is the mother of James Ralph Burchett

and that two other minor children, five and seven years of age are the issue of this marriage; that relator, his wife and these three children were bona fide residents of London, Madison County, Ohio, until June 16, 1962, when his wife left relator's home and took up a separate residence in Marysville, Union County, Ohio; that she left James Ralph and the other two children in relator's custody; that on August 28, 1962, relator filed his petition for divorce in the Common Pleas Court of Madison County, Ohio, and prayed for the custody of all three children; that on September 3, 1962, personal service in said action was had on the defendant and that on August 28, 1962, Bertha Mae Burchett came to relator's home at six p. m. while relator was absent at his employment and took James Ralph from relator's home, drove to Haverhill in Scioto County, Ohio, spent the night in a motel and on August 29, 1962, appeared in Juvenile Court in Scioto County with said child and filed a complaint alleging that said child was dependent; that the court forthwith and without notice to the relator made an order committing said child to a family named Bitzer, residing in Scioto County.

Relator further alleges that on September 10, 1962, the Juvenile Court of Scioto County issued a notice to the relator by certified mail setting the complaint for hearing on September 24, 1962; that on August 29, 1962, the relator filed a supplemental petition in the Common Pleas Court of Madison County, Ohio, seeking a temporary order for custody of the children and asking that Bertha Mae Burchett be required to return said James Ralph to his home in London, Ohio; that Bertha Mae Burchett was ordered by the Common Pleas Court of Madison County to return said child forthwith to relator; that said order was served upon Bertha Mae Burchett personally at Marysville, Union County, Ohio, on September 3, 1962, and that having failed to comply with the order, on September 12, 1962, she was committed to the Madison County Jail.

Relator further alleges that Bertha Mae Burchett conferred and consulted with the respondent on August 28, 1962, and was advised by him that if she would take said child from his home in London, Ohio, bring him to Scioto County and file

a complaint in the Juvenile Court of Scioto County alleging him to be dependent, that the respondent would make an order of custody which no one could touch; that the Juvenile Court in Scioto County is about ninety miles from relator's residence and that Scioto County does not adjoin Madison County and relator will be required to take depositions, employ attorneys and court reporters and put to great expense in defending his rights in the Juvenile Court of Scioto County.

In the first place it should be understood that the question of the custody of the child is not involved in this action. We are simply called upon to determine whether or not the relator is entitled, upon the facts alleged in his petition, assuming the truth thereof, to a writ of prohibition to restrain the respondent, Juvenile Judge of Scioto County, from hearing the evidence and deciding the issues raised by the complaint filed in that court. In ruling on the demurrer we are confined to the facts alleged in the petition and may not consider extraneous facts referred to in the briefs.

Prohibition is defined as a writ to prevent a tribunal from proceeding in a matter in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law. 44 Ohio Jurisprudence (2d), 171. The relator contends that two grounds exist for the issuance of the writ. (1) That the Common Pleas Court of Madison County has acquired jurisdiction in the divorce case to the exclusion of the Juvenile Court of Scioto County, and (2) that the manner of obtaining jurisdiction by the respondent, which is admitted by the demurrer, constitutes fraud by the court and an exceeding of the court's jurisdiction. Respondent claims that the Juvenile Court of Scioto County acquired prior jurisdiction and that the relator has an adequate remedy at law.

Jurisdiction and procedure in complaints involving a child are defined and controlled by Section 2151.27, et seq., Revised Code. Section 2151.27, Revised Code, provides:

"Any person having knowledge of a child under eighteen years of age who appears to be * * * dependent * * * may, with respect to such * * * dependent child, file a sworn complaint * * * in the Juvenile Court of the county in which such child

has a residence or legal settlement, or in which such * * * dependency occurred.''

And Section 2151.06, Revised Code, provides:

''Under Sections 2151.01 to 2151.54, inclusive, Revised Code, a child has the same residence or legal settlement as his parents.''

In the case of *In re Belk*, 97 Ohio App., 114, it was held that under Section 2151.27, Revised Code, jurisdiction of the Juvenile Court rests on either the residence of the child in the county where the complaint was filed or a showing that the acts constituting neglect or dependency of the minor child occurred in that county. The averment in relator's petition that prior to August 28, 1962, he, his wife and children had been residents of Madison County for more than six years; that the child was removed from his home in Madison County by his mother on that date and taken to Scioto County where a complaint of dependency was filed in the Juvenile Court of that county the next day, seems to remove both statutory requisites upon which jurisdiction of the Juvenile Court in Scioto County could be predicated in this matter.

On the question of residence or legal settlement it cannot be argued that this requirement has been met. We must assume that the child was a resident of Madison County. His removal from his home in London by his mother on the evening before the complaint was filed in Scioto County where neither parent had a legal residence would in no manner change the child's residence.

The same reasoning applies to the acts constituting the alleged dependency of the child. In considering the demurrer to the petition we must assume that the child was receiving proper care in his home in Madison County when he was removed by his mother to Scioto County. The child could not possibly have become a dependent child, subject to the jurisdiction of the Juvenile Court of Scioto County, in the few hours that he was in that county in possession of his mother under the circumstances alleged in the petition.

We do not consider it necessary to determine the question of the conflict of jurisdiction of the two courts or the other

contentions of the parties. In our opinion the facts alleged in relator's petition clearly deprive the respondent of jurisdiction to hear and determine the evidence on the complaint. Upon this state of the facts this court has no other alternative but to overrule the demurrer and allow the writ. An entry may be prepared and submitted accordingly.

Writ allowed.

RADCLIFF, P. J., COLLIER and BROWN, JJ., concur.