DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, E.C., appeals from the judgment entry of the Summit County Court of Common Pleas, Juvenile Division, which overruled appellant's objections to the magistrate's decision adjudicating the subject child dependent. This Court affirms.
 I. {¶ 2} Appellant gave birth to her fifth child, W.C., Jr. ("W.C."), on February 23, 2004. Appellant informed a hospital social worker that her parental rights to her four other children had been involuntarily terminated. Based on appellant's disclosure, a referral was made to Summit County Children Services Board ("CSB") regarding W.C. on February 24, 2004.
 {¶ 3} A CSB caseworker met with appellant and the child's father at the hospital.[1] Both appellant and father were vague in response to the caseworker's questions regarding the circumstances which led to the removal of appellant's other children, current problems, father's history with the agency and father's criminal history. Appellant admitted, however, that she had experienced housing and employment issues, a history of depression and was involved in couples counseling with father. After a public records check, CSB discovered that father was convicted in 1999 for child endangering premised upon father's shaking his then-seven-month old daughter by another woman.
 {¶ 4} Although CSB had initially intended to allow appellant to take the child home from the hospital, once the agency discovered father's prior child endangering conviction and the circumstances behind it, the caseworker requested that the hospital not release the child to appellant and father. The hospital did not comply with CSB's request. CSB then filed its complaint on February 27, 2004, alleging the child to be dependent pursuant to R.C. 2151.04(C) and (D). The agency received an order granting it emergency custody of the child the same day. CSB was unable to secure possession of the child until March 1, 2004.
 {¶ 5} The matter proceeded to adjudicatory hearing before the magistrate on May 3, 2004. The State presented the testimony of the intake caseworker, who testified that the agency perceived a risk to the child based on appellant's and father's past history with the agency, as well as father's criminal history relating to his conviction for child endangering. The caseworker conceded that she had been unable to observe the parent's home or their interactions with the child prior to removal.
 {¶ 6} On May 24, 2004, the magistrate issued her decision adjudicating the child a dependent child without analysis. On May 27, 2004, the magistrate issued a dispositional decision, ordering that the child be placed in the temporary custody of CSB. Appellant timely objected to the magistrate's decisions, challenging the child's adjudication as a dependent child and alleging an unconstitutional denial of appellant's fundamental liberty interest in raising her child.
 {¶ 7} On September 10, 2004, the juvenile court judge issued a judgment entry, overruling appellant's objections and ordering that the child is a dependent child pursuant to R.C. 2151.04(D). While noting that appellant had raised an objection premised on an unconstitutional denial of appellant's fundamental right to raise her child, the juvenile court judge did not further address the constitutional challenge in her judgment entry. Appellant timely appeals, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The trial court erred in finding W.C. to be a dependent child under revised code section 2151.04(D) without having any evidence of the conditions in the child's household upon which to base its decision."
 {¶ 8} Appellant argues that the State failed to establish that conditions in the child's home warranted a finding that the child was in danger of being neglected or abused. Appellant argues that, before the court may find pursuant to R.C. 2151.04(D) that the child is prospectively dependent, there must be clear and convincing evidence regarding problematic current conditions in the home; and the State failed to present such evidence. This Court disagrees.
 {¶ 9} The trial court found W.C. to be a dependent child pursuant to R.C. 2151.04(D), which defines a dependent child as any child to whom both of the following apply:
"(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
"(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 10} Appellant argues that the State presented no evidence regarding "the other conditions in the household" as required by R.C. 2151.04(D)(2), an argument which this Court construes as an assertion that the trial court's finding the child to be dependent was against the manifest weight of the evidence.
 {¶ 11} In determining whether a judgment of a juvenile court is against the manifest weight of the evidence, this Court applies the same standard of review as that in the criminal context. In re R.S., R.S.,A.P., and A.G., 9th Dist. No. 21177, 2003-Ohio-1594, at ¶ 10. Therefore, in determining whether a juvenile adjudication is against the manifest weight of the evidence:
"The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [adjudication] must be reversed[.]" Id., quoting Statev. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 12} "An appellate court must afford great deference to the weight given by the trial court to the evidence and the credibility of witnesses." In re Shuman (May 19, 1999), 9th Dist. No. 98CA007082, citingSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80. Consequently, this Court may not find that the trial court's decision was against the manifest weight of the evidence unless, after a review of all the evidence, this Court finds that the trial court's decision is "clearly contrary to the manifest weight of the evidence." In re Shuman,
quoting Bowen v. Bowen (Feb. 9, 1999), 9th Dist. Nos. 2720-M and 2733-M.
 {¶ 13} An adjudication of dependency must be supported by clear and convincing evidence. Juv.R. 29(E)(4). Clear and convincing evidence is such evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the conclusion to be drawn. In re Adoption ofHolcomb (1985), 18 Ohio St.3d 361, 368.
 {¶ 14} In this case, this was no dispute that appellant's parental rights were involuntarily terminated in regard to four other children, who became subject to the jurisdiction of either the Summit County or Portage County juvenile courts after their respective adjudications. In addition, father testified that CSB became involved with him and his child by another woman, after father shook the child, causing severe injuries. Father was convicted of child endangering based on that incident. Father testified that he does not have custody and that he is not permitted any contact with that child. Based on that evidence, it was reasonable for the trial court to infer that father's child had been adjudicated a dependent, neglected, and/or abused child. There was sufficient evidence to establish that W.C. was residing in a household in which both parents committed acts which were the bases for adjudications that siblings of W.C. were abused, neglected, or dependent children. Therefore, the State presented sufficient evidence to allow the trial court to find by clear and convincing evidence that the elements of R.C.2151.04(D)(1) were met.
 {¶ 15} The circumstances surrounding the abuse, neglect, or dependency of W.C.'s siblings included their chronic poor custodial histories; appellant's mental health issues, unstable housing, and limited employment; and father's physical abuse of another child. Appellant testified that, although she had been employed, she stopped working before W.C.'s birth. Therefore, one of the conditions in the child's household was that appellant, having no legal relationship with father, was completely reliant on father for support for herself and the child.
 {¶ 16} In addition, appellant testified that she and father were engaged in couples counseling to learn how to "communicate without undue anger before we got married." Appellant admitted that she and father were not able to express themselves without appellant's losing her temper. Therefore, it was another current condition of the child's home that father elicited intemperate responses from appellant merely as the parents attempted to relate to one another.
 {¶ 17} The most significant current condition in the child's home, however, is appellant's maintenance of a relationship with father in the child's home, where father has been convicted of shaking another one of his children and seriously injuring that child. The presence in the child's home of a parent who has severely injured another infant is a current condition, which the trial court appropriately considered in its determination that the child was a dependent child pursuant to R.C.2151.04(D). Under these circumstances, this Court cannot find that the trial court's adjudication of the child as dependent was against the manifest weight of the evidence.
 {¶ 18} Appellant relies on two cases, In re Bishop (1987),36 Ohio App.3d 123 and In re Campbell (1983), 13 Ohio App.3d 34, for the proposition that the trial court must premise any finding of dependency on an analysis of whether the subject child is receiving proper care. This Court takes well appellee's argument that both Bishop
and Campbell were decided prior to the legislature's 1989 amendment to R.C. 2151.04, which added subsection (D) and expanded the definition of "dependent child." It is clear that, with the addition of R.C. 2151.04(D), the legislature considered a parent's prior history with a child welfare agency significant in regard to a determination that a subsequent child might be dependent. Further, while R.C. 2151.04(D)(2) requires that the trial court base its finding of dependency, in part, on "other conditions in the household of the child," the legislature did not limit which conditions may be considered.
 {¶ 19} While father's shaking of another infant constitutes the circumstances surrounding the abuse of that child, this Court believes that the legislature did not intend that a trial court could not consider a child abuser's presence in the home as a condition in the household which might place the child in danger of being abused or neglected. In this case, appellant lives with father, relies on father for her support and the support of her child, and evidenced an intent to marry the father. Appellant's allowing the presence of a child abuser in the child's home constitutes a condition in the household, which reasonably places the child in danger of being abused by the other parent in the household. The trial court considered that father was convicted of child endangering and that he maintains residence in W.C.'s home. Therefore, this Court cannot find that the trial court failed to consider all the elements set forth in R.C. 2151.04(D) or that the trial court erred in finding the child to be dependent pursuant to that provision. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"Interpreting ohio revised code section 2151.04(C) to permit a child to be found prospectively dependent once a child is returned to the parents' home is an unconstitutional violation of elizabeth cather's fundamental liberty interest in raising a child."
 {¶ 20} Appellant argues that the trial court unconstitutionally allowed the removal of the child who had spent some time in the parents' home without any evidence regarding the current conditions of the child in his home.[2] This Court disagrees.
 {¶ 21} This Court has already reviewed the evidence and the trial court's findings and found that there was evidence regarding the current conditions in the child's home. Further, this Court has already found that the trial court considered those conditions in its judgment entry.
 {¶ 22} In addition, appellant argues that a trial court which makes a finding of prospective dependency where the child has spent time in the parents' home has unconstitutionally deprived the parents of their fundamental liberty interests in the care, custody and management of their children. As this Court has already noted, appellant relies on case law which was decided prior to the effective date of S.B. 89, which expanded the definition of "dependent child" to allow the trial court to find a child prospectively dependent based on the parents' custodial history.
 {¶ 23} Finally, appellant has failed to articulate clearly her constitutional challenge to the trial court's application of R.C. 2151.04
in determining the dependency of the child. Beyond broadly reciting the legal theory, appellant fails to allege sufficient facts to demonstrate how the juvenile court's application of R.C. 2151.04 infringed upon her parenting choices and protected freedoms. See Rammage v. Saros (June 25, 2002), 10th Dist. No. 02AP-216. Consequently, this Court finds appellant's constitutional challenge not well taken. Appellant's second assignment of error is overruled.
 III. {¶ 24} Appellant's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, which adjudicated the child to be a dependent child is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J., Moore, J., concur.
[1] The child's father was a party to the dependency action below, but he did not appeal from the adjudication and is not a party to this appeal. To protect the identity of the minor child, this Court will refer to the child's father as "father" throughout this decision.
[2] Although appellant cites R.C. 2151.04(C) in her captioned assignment of error, she premises her argument within the context of R.C. 2151.04(D). Because the trial court found the child to be dependent only pursuant to R.C. 2151.04(D), this Court addresses appellant's second assignment of error within that context.