IN RE BELK ET AL.

(No. 1496—Decided April 7, 1954.)

*Mr. Fred R. Baerkircher,* for appellee.
*Mr. Paul G. Simpson,* for appellant.

GUERNSEY, J.   This is an appeal on questions of law from an order of the Juvenile Court of Crawford County in a proceeding wherein the appellee, Robert V. Belk, the father of Dennis Robert Belk and Kenneth Dwight Belk, aged respectively four and seven years, was the complainant, charging that such minor children appear to be neglected and dependent children and that the appellant, Ruth Arlene Belk, the mother of said children, had, by her certain actions in the complaint set forth, caused such minor children to be neglected and dependent, overruling the motion of Ruth Arlene Belk to dismiss such complaint.

The complaint mentioned, omitting caption, signature and verification, is in the words and figures following:

"Robert V. Belk, residing at No. 808 S. Sandusky Ave., Bucyrus, Ohio, says that he is the father of, and has knowledge of, the following named children, to wit: Dennis Robert Belk, aged 4 years, Kenneth Dwight Belk, aged 7 years, who appear to be neglected and dependent children, in that:

"1. Said children have no known immediate means of support except that which can be furnished by this complainant, their father;

"2. Ruth Arlene Belk, the mother of said children, conceals herself and said children from said complainant and prevents him from furnishing the support necessary for said children;

"3. Said children are kept at divers and sundry places which are improper and unsuitable for their age, from time to time, instead of being kept at their home;

"4. Said children are in the possession of their mother, Ruth Arlene Belk, who is not now able to pro-

vide the proper care and control necessary for said children;

"5. The circumstances now surrounding and affecting said children are not for the best interests of said children and their welfare;

"6. Said children have their domicile, residence and legal settlement in Crawford County, Ohio;

"7. The neglect and dependency affecting said children occurred in Crawford County, Ohio, and, under complainant's belief, at other places;

"8. Said Ruth Arlene Belk retains possession of said children and prevents by her actions and conduct the father of said children from exercising upon said children the beneficial influence which is necessary to the best interests of said children.

"That said children are not now subject to the jurisdiction of any court in Ohio and they are not now inmates of a state institution or of any institution incorporated under the laws of Ohio, approved by the state Department of Public Welfare and authorized to care for children.

"That Ruth Arlene Belk, residing at No. 1404 N. Sandusky Ave., Bucyrus, Ohio, or in Section 8, Chatfield Township, Crawford County, Ohio, is the mother of said children and is the person with whom said children are now residing.

"Wherefore, complainant prays the court that process may issue to require said Ruth Arlene Belk to appear at a proper time before this court to answer to said complaint, and for said court to inquire into the matter of said minor children and to make such order or orders as may be suitable for their welfare."

Citation was issued on this complaint and served on Ruth Arlene Belk in Marion County, Ohio.

The motion to dismiss the complaint, omitting caption and signature, is in the words following:

"Now comes Ruth Arlene Belk and enters her appearance herein for the sole purpose of questioning the jurisdiction of the court in this action, and for no other purpose whatsoever.

"The said Ruth Arlene Belk says that she and Kenneth Dwight Belk and Dennis Robert Belk are all bona fide residents of Marion County, Ohio, and if any neglect or dependency of the said Kenneth Dwight Belk and Dennis Robert Belk has occurred at all, it has not occurred in Crawford County, Ohio, and that therefore this court is without any jurisdiction to hear this matter, and that she moves this court for dismissal of said complaint and citation heretofore issued herein."

In the order from which the appeal in this cause is taken the Juvenile Court found "that said motion is not well taken, that said Ruth Arlene Belk failed to establish residence for herself and the two minor children of said parties in Marion County, Ohio, that she failed to establish any absence of any neglect or dependency herein in Crawford County, Ohio, that she failed to establish any lack of jurisdiction of this court over the persons of the parties affected hereby and over the subject matter of this proceeding, and that she failed to show any reason whatsoever for the dismissal of this proceeding," and ordered that the motion for dismissal be overruled at the costs of Ruth Arlene Belk.

The appellant did not file any separate assignment of errors herein and did not specifically assign any errors in her brief in chief, but in her brief stated:

"The sole question in this case is:

"Did the trial court act contrary to law in overruling the motion questioning jurisdiction of said court, made by Ruth Arlene Belk, on the grounds set forth in said motion, to wit: That Ruth Arlene Belk,

Kenneth Dwight Belk and Dennis Robert Belk are residents of Marion County, Ohio?''

However, in her reply brief herein the appellant submits the following propositions, to wit:

1. The trial court went contrary to the law in not dismissing the case for lack of jurisdiction.

2. The greater weight of the evidence shows appellant was and is a nonresident of Crawford County.

3. The action in the trial court was a special proceeding.

4. Substantial right or rights of the appellant have been affected.

While none of the propositions mentioned are made in the proper manner or form to constitute assignments of error, this court, in the interests of justice, will treat the first two suggestions as proper assignments of error. The last two suggestions are not in such form that they may be so considered.

We will consider propositions 1 and 2 as assignments of error, in the order in which they appear.

1. It will be noted from an inspection of the complaint hereinbefore quoted that while the same is inartfully drawn and is indefinite in many respects it does charge sufficient facts to show that the minor children mentioned are neglected children, as defined in Section 2151.03, Revised Code; that the complainant has knowledge thereof; and that the appellant, Ruth Arlene Belk, has committed certain acts within Crawford County, Ohio, constituting neglect thereof. The complaint therefore is sufficient under the provisions of Section 2151.27, Revised Code.

The pertinent parts of the two sections of the Revised Code conferring jurisdiction on the Juvenile Court over complaints of the character under consideration, are as follows:

Section 2151.23, Revised Code.

"(A) The Juvenile Court has exclusive original jurisdiction under the Revised Code:

"(1) Concerning any child who is delinquent, neglected, dependent * * *."

Section 2151.27, Revised Code.

"Any person having knowledge of a child under eighteen years of age who appears to be delinquent, neglected, or dependent * * * may, with respect to such delinquent, neglected, or dependent child, file a sworn complaint * * * in the Juvenile Court of the county in which such child has a residence or legal settlement, or in which such delinquency, neglect, or dependency occurred * * *."

Under these sections, the Juvenile Court had jurisdiction of the complaint in the instant case, irrespective of the residence of the minor children charged with being neglected, if the acts constituting the neglect complained of occurred in the county in which the complaint was filed.

While the appellant, in her motion to dismiss the complaint, charges that, if any neglect has occurred at all, it has not occurred in Crawford County, Ohio, the bill of exceptions in this case discloses that there is no evidence to support this contention. It was incumbent upon the appellant, in order for her to prevail on her motion to dismiss, that she prove that such contention was correct. As appellant did not so prove, the Juvenile Court did not err in overruling her motion to dismiss the complaint, and the proposition of the appellant which we have treated as her first assignment of error is without merit.

2. In this action, it is immaterial whether Ruth Arlene Belk or the minor children were, when the complaint was filed, nonresidents of Crawford County, Ohio.

The jurisdiction of the Juvenile Court in the instant

case is predicated upon the charge in the complaint that the neglect of the minor children occurred in Crawford County, Ohio. Hence, it is immaterial whether the weight of the evidence is to the effect that Ruth Arlene Belk or the minor children were at such time nonresidents of Crawford County. Consequently, the second proposition of the appellant, which we are treating as an assignment of error, is without merit.

Finding no error in any of the particulars the appellant has suggested and argued in her briefs, the judgment of the Juvenile Court is affirmed at the costs of appellant and the cause remanded to the Juvenile Court for further proceedings according to law.

*Judgment affirmed.*

YOUNGER, P. J., and MIDDLETON, J., concur.