OPINION *Page 2 
{¶ 1} Appellant Crystal Bierley appeals the August 16, 2007 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, granting the motion for legal custody of Appellant's child to third parties filed by Appellee Tuscarawas County Job and Family Services.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Appellant and Jason Bouska, Sr. are the parents of Jason Bouska, Jr. (D.O.B. 11-15-05). Jason Bouska, Sr. is currently serving a five-year prison term for rape. The instant action commenced on February 21, 2007 when the trial court granted Appellee's ex parte motion to have Jason Bouska, Jr. placed in protective custody. Appellee filed the motion because it became aware that Appellant had left her child at the home of Gerald Holt, an individual residing in Tuscarawas County and with whom Appellee has had prior involvement, with no plan for her child's care or for when Appellant would return for her child. Appellee stated three other children of Appellant had previously been removed from her care and placed in the legal custody of relatives by Appellee and by child protective services in Cuyahoga County. Appellee further argued that Appellant had no stable residence.
 {¶ 3} Appellee filed a complaint on February 22, 2007 alleging Jason Bouska, Jr. was a neglected and dependent child. A shelter care hearing was held on February 22, 2007 at which Appellant appeared. The trial court appointed a Guardian ad Litem and the child was placed in the temporary custody of Appellee.
 {¶ 4} The trial court held an adjudicatory hearing on March 21, 2007. Counsel for Appellant appeared at the hearing, but Appellant was not present. Based upon the *Page 3 
evidence presented, the trial court held the child to be neglected and dependent by judgment entry issued March 22, 2007. The trial court then set the matter for a dispositional hearing on April 17, 2007.
 {¶ 5} At the dispositional hearing on April 17, 2007, Appellant appeared with counsel. Appellant consented to the recommendation of the Guardian ad Litem that the child be placed in the temporary custody of Shelly and Dennis LeMonte, with protective supervision by Appellee. Shelly and Dennis LeMonte are the grandparents to Jason Bouska, Jr.'s half-siblings. The trial court also adopted a case plan with the goal of reunification. The case plan included psychological services, drug and alcohol assessment with follow-up on their recommendations and parenting classes.
 {¶ 6} On June 8, 2007, Appellee filed a motion with the trial court requesting that the trial court modify its previous disposition on Jason Bouska, Jr. from temporary custody with the LeMontes to legal custody with the LeMontes. Appellee argued that Appellant had failed to engage in any case plan services and had only participated in visitations with her child when Appellee provided her transportation. Appellant also tested positive for illegal drugs. Appellee moved to modify the disposition at this date because of its prior dealings with Appellant. Appellee stated that Appellant was exhibiting the same behaviors and lack of effort that necessitated the prior removal of her other children.
 {¶ 7} Appellant then filed a motion with the trial court requesting the trial court change the disposition of the child from temporary custody to legal custody to Appellant. Appellee filed a reply on June 15, 2007. *Page 4 
 {¶ 8} Appellant filed a motion on July 27, 2007, requesting the trial court order Appellee to pay the cost of the services for Appellant to complete her case plan, as well as the costs and fees of any transportation required to attend those services. In April 2007 after the adoption of her case plan, Appellant moved to Stark County to reside with her mother. Appellant stated in her motion that she was indigent and was unable to afford the services listed in her case plan that were provided in Stark County. Appellee filed a reply on July 21, 2007 and agreed that Appellee must make reasonable efforts for reunification. In this case, however, Appellee argued Appellant's inability to engage in services in Stark County or Tuscarawas County was not due to a failure on Appellee's part, but because of Appellant's lack of effort in trying to work with Appellee to find affordable services.
 {¶ 9} The trial court held a hearing on Appellee's motion to modify the prior disposition on August 14, 2007. During closing arguments, counsel for Appellant made a motion to dismiss for want of jurisdiction because Appellant testified that at the time of the child's removal, Appellant was residing in Stark County. (T. 64). Appellee opposed the motion, arguing that the act complained of in the original complaint occurred in Tuscarawas County. (T. 66). The trial court overruled the motion. (T. 66).
 {¶ 10} By judgment entry issued August 16, 2007, the trial court granted Appellee's motion and ordered that Jason Bouska, Jr. be placed in the legal custody of Shelly and Dennis LeMonte pursuant to R.C. 2151.353(A)(3).
 {¶ 11} Appellant now appeals the decision and raises three Assignments of Error: *Page 5 
 {¶ 12} "I. THE TUSCARAWAS COUNTY JUVENILE COURT WAS WITHOUT JURISDICTION IN THIS CASE.
 {¶ 13} "II. THE AGENCY FAILED TO USE REASONABLE EFFORTS TO REUNIFY WITH MOTHER.
 {¶ 14} "III. TCDJS PRESENTED INSUFFICIENT EVIDENCE FOR THE COURT TO GRANT LEGAL CUSTODY PURSUANT TO R.C. 2151.353(A)(3) AND THE COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT TO THE EVIDENCE."
 {¶ 15} We will now address Appellant's arguments.
 I. {¶ 16} Appellant argues in her first Assignment of Error that the Tuscarawas County Court of Common Pleas, Juvenile Division, was without jurisdiction in this matter because Appellant was a resident of Stark County at the time the child was removed from her care. We disagree.
 {¶ 17} R.C. 2151.27(A)(1) and Juvenile Rule 10(A) provide that any person having knowledge of a child who appears to be an unruly, abused, neglected, or dependent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the violation, unruliness, abuse, neglect, or dependency occurred. R.C. 2151.06 further provides that "a child has the same residence or legal settlement as his parents, legal guardian of his person, or his custodian who stands in the relation of loco parentis."
 {¶ 18} The instant case commenced when Appellee became aware that Appellant left her child with Gerald Holt, a resident of Tuscarawas County, with no plans *Page 6 
to return. See Ex Parte Order, Feb. 21, 2007, and Complaint, Feb. 22, 2007. Appellee also argued Appellant had no stable residence.
 {¶ 19} During the August 14, 2007 hearing, Appellant testified as to her residence. Appellant testified that since April 2007 to the present, she resided with her mother in East Sparta located in Stark County. (T. 3). Prior to that, Appellant testified that she lived with Gerald Holt and his wife in Dennison, located in Tuscarawas County. (T. 3). She stated that she moved to Tuscarawas County approximately a week after Appellee removed her child from her care on February 21, 2007. (T. 42). The record shows that Appellant was personally served with Appellee's complaint at the residence of Gerald Holt, located in Dennison, Tuscarawas County, on February 27, 2007. Return of Service of Summons, March 1, 2007. Before residing in Dennison, Appellant stated that she had previously resided in Tuscarawas County, Stark County, Summit County, and Cuyahoga County. (T. 53-54).
 {¶ 20} This court recently examined the issue of jurisdiction and residency in regards to a "habitually transient" parent in the case ofIn re Zobel, 5th Dist. No. 2007AP020012, 2007-Ohio-3355. In that case, we found the fact that the parent was not a resident of the county in which the complaint was filed did not defeat the jurisdiction of the trial court. We cited In re McLean, 11th Dist. No. 2005-T-0018,2005-Ohio-2476, to find that "where the acts constituting the neglect or dependency occur within the county of the court exercising jurisdiction, `it is immaterial whether the parent or minor child was a nonresident of the county in which the complaint was filed.'" Id. at ¶ 23 citing In reBelk (1954), 97 Ohio App. 114, 123 N.E.2d 757, at syllabus. *Page 7 
 {¶ 21} In the present case, we find the acts constituting the neglect and dependency that caused this case to commence arose in Tuscarawas County. Appellant left her child in the care of Gerald Holt, a resident of Tuscarawas County, with no plans to return. Appellant has had previous dealings with Appellee as Appellee has previously removed two of her other children from her care. (T. 10). While Appellant was residing in Tuscarawas County during the pendency of this case, she tested positive for drugs on March 7, 2007. (T. 28; Results of Hair Drug Screen, filed April 3, 2007). Once Jason Bouska, Jr. was found dependent and placed in the custody of Appellee, the child was residing in Tuscarawas County where the issue of legal custody was properly determined.
 {¶ 22} Appellant's first Assignment of Error is overruled.
 II. {¶ 23} In her second Assignment of Error, Appellant argues Appellee did not use reasonable efforts to assist her in completing her case plan and to allow her to reunify with her child. At the time of the hearing, Appellant had not completed any of her case plan requirements. (T. 4-5).
 {¶ 24} Pursuant to R.C. 2151.419, the agency which removed the child from the home must have made reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the home, or make it possible for the child to return home safely. The statute assigns the burden of proof to the agency to demonstrate it has made reasonable efforts.
 {¶ 25} Upon a review of the record, we find substantial evidence to establish Appellee used reasonable efforts to reunify Appellant with her child. Appellant's case *Page 8 
plan was adopted on April 17, 2007 and it included psychological counseling, drug assessment and parenting classes. After the adoption of Appellant's case plan, Appellant moved to Stark County. (T. 3). Beth Bertini, Appellant's case manager, testified that Appellant contacted her in May or June of 2007 and indicated to Ms. Bertini that she wanted to complete her services but funding was an issue for her. (T. 13). She was not eligible to receive free services in Stark County. Ms. Bertini stated that she told Appellant that she could participate in services that would be available to her in Tuscarawas County at no charge, or for a reduced price based on a sliding fee scale. (T. 14). Ms. Bertini directed Appellant to contact Job and Family Services in Stark County as to what services they refer. (T. 27). She also recommended to Appellant that she find an agency in Stark County that had a sliding fee scale. (T. 14). Ms. Bertini told Appellant to contact her afterwards to arrange financial assistance for those services. (T. 14). Appellant failed to report back to Ms. Bertini. (T. 27).
 {¶ 26} We find the record establishes Appellee made reasonable efforts to assist Appellant to reunify with her child, but Appellant made no effort to complete her case plan. Appellant's second Assignment of Error is overruled.
 III. {¶ 27} Appellee finally argues the decision of the trial court to award legal custody to the LeMontes was supported by insufficient evidence and against the manifest weight of the evidence. We disagree.
 {¶ 28} R.C. 2151.353(A)(3) states in relevant part: "If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition: *Page 9 
 {¶ 29} "(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. A person identified in a complaint or motion filed by a party to the proceedings as a proposed legal custodian shall be awarded legal custody of the child only if the person identified signs a statement of understanding for legal custody that contains at least the following provisions:
 {¶ 30} "(a) That it is the intent of the person to become the legal custodian of the child and the person is able to assume legal responsibility for the care and supervision of the child;
 {¶ 31} "(b) That the person understands that legal custody of the child in question is intended to be permanent in nature and that the person will be responsible as the custodian for the child until the child reaches the age of majority. Responsibility as custodian for the child shall continue beyond the age of majority if, at the time the child reaches the age of majority, the child is pursuing a diploma granted by the board of education or other governing authority, successful completion of the curriculum of any high school, successful completion of an individualized education program developed for the student by any high school, or an age and schooling certificate. Responsibility beyond the age of majority shall terminate when the child ceases to continuously pursue such an education, completes such an education, or is excused from such an education under standards adopted by the state board of education, whichever occurs first. *Page 10 
 {¶ 32} "(c) That the parents of the child have residual parental rights, privileges, and responsibilities, including, but not limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support;
 {¶ 33} "(d) That the person understands that the person must be present in court for the dispositional hearing in order to affirm the person's intention to become legal custodian, to affirm that the person understands the effect of the custodianship before the court, and to answer any questions that the court or any parties to the case may have."
 {¶ 34} Initially, Appellant argues the decision of the trial court was not supported by sufficient evidence because the proposed legal custodians, the LeMontes, did not comply with R.C. 2151.353(A)(3)(d) in that the record does not reflect that they were present during the dispositional hearing held on August 14, 2007. Pursuant to the requirements of R.C. 2151.353(A)(3), the proposed legal custodians signed an affidavit/statement of understanding for legal custody on August 14, 2007. The affidavit contained the provisions listed in R.C. 2151.353(A)(3).
 {¶ 35} Upon a review of the transcript of the dispositional hearing, we find counsel for Appellant did not object to the alleged failure of the proposed legal custodians to appear at the hearing pursuant to the requirements of R.C. 2151.353(A)(3). Because Appellant failed to object to the lack of the proposed legal custodians at the dispositional hearing, Appellant has waived the issue, absent plain error. McClay v.Reed, 5th Dist. No. 2004CA-4, 2004-Ohio-7304, ¶ 28 citing Winkler v.Winkler, 10th Dist. No. 02AP-937, 2003-Ohio-2418, citing Goldfuss v.Davidson (1997), *Page 11 79 Ohio St.3d 116, 679 N.E.2d 1099. In civil cases, plain error must be used with utmost caution and applied only "to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." Id. citing In reT.M., III, 8th Dist. No. 83933, 2004-Ohio-5222, quotingGoldfuss, at 121, 679 N.E.2d 1099.
 {¶ 36} No plain error is evident in this case. The record in this case does not suggest that had the legal custodians been present at the hearing, the outcome of the case would have been different. This finding is supported by our discussion that the finding of the trial court judgment that it was in the best interests of the child to grant legal custody to the LeMontes was supported by the preponderance of the evidence.
 {¶ 37} In this type of dispositional hearing, the focus must be the best interest of the child. In re. C.R., 108 Ohio St. 3d 369,2006-Ohio-1191, 843 N.E.2d 1188; In re Nawrocki, 5th Dist. . . No. 2004-CA-0028, 2004-Ohio-4208; In re D.R., 153 Ohio App.3d 156,2003-Ohio-2852, 792 N.E.2d 203. The Supreme Court of Ohio made it clear in In re C.R. that once a child has been adjudicated dependent, it is no longer necessary to find the parent unsuitable since this is already a determination at the dependency hearing. In re C.R. at ¶ 10-12. Unlike in a permanent custody proceeding where a juvenile court's standard of review is by clear and convincing evidence, a juvenile court's standard of review in legal custody proceedings is by a preponderance of the evidence. In re A.C., 12th Dist. No. CA2006-12-105, 2007-Ohio-3350
at ¶ 14; In re Nice (2001), 141 Ohio App.3d 445, 455. *Page 12 
 {¶ 38} R.C. 2151.414(D) provides factors to be considered in making a best interest of the child determination. "In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 39} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 40} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 41} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 42} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 43} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 44} A trial court's determination on legal custody should not be overruled absent a showing of an abuse of discretion. In re Unger, 5th Dist. No. 04CA6, 2005-Ohio-2414. An abuse of discretion is when the trial court's judgment is unreasonable, *Page 13 
arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 45} At the dispositional hearing, Ms. Bertini testified that Appellee would provide Appellant transportation so that she could attend visitation with her son. (T. 16). There were instances when Appellant would not show up at the arranged spot to be transported for visitation. (T. 17). Ms. Bertini testified that she sent Appellant notification that if she missed another visitation, the visitation would be suspended. (T. 17). When Appellant did visit with her son, the visits went well and her interactions were appropriate. (T. 17).
 {¶ 46} Ms. Bertini witnessed interaction between the child and the proposed legal custodians. (T. 18). She stated that the child had developed an attachment for the LeMontes. (T. 19). The LeMontes' daughter has legal custody of Appellant's two other children. (T. 19).
 {¶ 47} Appellant has a history of drug use. During the pendency of the case, Appellant tested positive for illegal drugs three times. (T. 5). When the child was taken to foster care, Ms. Bertini stated that she found drug paraphernalia in his diaper bag. (T. 34-35). Appellant had a clean drug screen on the day of the dispositional hearing. (T. 61).
 {¶ 48} While Appellant states that she now lives with her mother and may arguably have a stable residence, she did not find employment until the morning of the dispositional hearing. (T. 4).
 {¶ 49} Based on the evidence presented, we find the trial court did not abuse its discretion in finding by a preponderance of the evidence that it was in the best interest *Page 14 
of Jason Bouska, Jr. that legal custody should be granted to Shelly and Dennis LeMonte. Further, the evidence presented does not demonstrate plain error because of the failure of the proposed legal custodians to attend the dispositional hearing on August 14, 2007.
 {¶ 50} Appellant's third Assignment of Error is overruled.
 {¶ 51} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is hereby affirmed.
 By: Delaney, J. Gwin, P.J. and Edwards, J. concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is AFFIRMED. Costs assessed to appellant. *Page 1