[Cite as *In re K.F.*, 2023-Ohio-1438.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

IN RE:

    K.F.,

ADJUDGED DEPENDENT CHILD.

CASE NO. 17-22-13

O P I N I O N

---

IN RE:

    A.F.,

ADJUDGED DEPENDENT CHILD.

CASE NO. 17-22-14

O P I N I O N

---

IN RE:

    Ka.F.,

ADJUDGED ABUSED, NEGLECTED,
AND DEPENDENT CHILD.

CASE NO. 17-22-15

O P I N I O N

---

**Appeals from Shelby County Common Pleas Court
Juvenile Division**

**Trial Court Nos. 2021 NEG 0045, 2021 NEG 0044 and 2021 ABU 0013**

**Judgments Affirmed**

**Date of Decision: May 1, 2023**

Case No. 17-22-13, 17-22-14, 17-22-15

APPEARANCES:

*Linda Gabriele* **for Appellant/Father**

*Madison S. Brinkman* **for Appellee**

**MILLER, P.J.**

{¶1} Father-appellant, Kristopher F., appeals the November 7, 2022 judgments of the Shelby County Court of Common Pleas, Juvenile Division, awarding legal custody of his children, K.F., A.F., and Ka.F., to Kelly M. For the reasons that follow, we affirm.

## I. Facts & Procedural History

{¶2} Kristopher and mother, Kimisha H., are the natural parents of A.F. (born 2017), K.F. (born 2020), and Ka.F. (born 2021). On November 4, 2021, Shelby County Department of Job and Family Services, Children Services Division (the "Agency"), through the Shelby County Prosecuting Attorney's Office, filed complaints in the trial court alleging that K.F. and A.F. were neglected and dependent children. A complaint was also filed alleging that Ka.F. was an abused, neglected, and dependent child. Following the filing of the complaints, Kelly was granted temporary custody of Ka.F. Kimisha retained custody of K.F. and A.F.

subject to the Agency's protective supervision. A guardian ad litem ("GAL") was appointed for the children on November 15, 2021.

{¶3} At a January 19, 2022 hearing, Kimisha consented to a finding of dependency as to K.F., A.F., and Ka.F. An adjudicatory hearing was held on March 7, 2022, regarding the children's status vis a vis Kristopher. By entry filed on March 10, 2022, Ka.F. was adjudicated abused, neglected, and dependent with respect to Kristopher. K.F. and A.F. were adjudicated dependent with respect to Kristopher. Following a March 15, 2022 dispositional hearing, Ka.F. was continued in Kelly's temporary custody, and K.F. and A.F. were continued in Kimisha's custody.

{¶4} On March 30, 2022, the Agency moved for a modification of K.F. and A.F.'s custodial status. Specifically, the Agency requested that Kelly be awarded temporary custody of K.F. and A.F. The Agency's motion was set for a hearing. However, on May 16, 2022, the Agency filed a motion for ex parte emergency custody of K.F. and A.F. to Kelly, which the trial court granted on May 19, 2022. Thereafter, Kelly was granted temporary custody of K.F. and A.F. Both parents ceased contact with the Agency after May 16, 2022.

{¶5} On May 18, 2022, the Agency moved to suspend Kristopher's visitation with K.F., A.F., and Ka.F. In the motion, the Agency alleged that "[t]he attendance rate on the part of * * * Kristopher [is] very concerning and has been negatively impacting the children (i.e., questioning parental love and commitment; emotionally

distressed, missed opportunities for bonding per parental choices)."  The Agency claimed that Kristopher had only attended 4 out of approximately 30 visits and that when visitation occurred, "the visitation coach * * * reported concerns related to poor participation, lack of interaction, not meeting the needs of the children, and an overall lack of parental control of the children."  Finally, the Agency asserted that Kristopher cancelled visits, failed to confirm visits, and failed to attend visits even after confirming his attendance.  The trial court granted the Agency's motion on May 20, 2022.

{¶6} On June 22, 2022, the Agency filed a motion asking that Kelly be awarded legal custody of K.F., A.F., and Ka.F.  Kelly signed a statement of understanding in accordance with R.C. 2151.353(A)(3) on June 27, 2022, which was filed of record on June 30, 2022.

{¶7} A hearing on the Agency's motion for legal custody was held on October 5, 2022.  Kelly was not present at the hearing.  On November 7, 2022, the trial court granted the Agency's motion and awarded legal custody of K.F., A.F., and Ka.F. to Kelly.  In its entry, the trial court did not address Kristopher's future visitation with K.F., A.F., and Ka.F.

## II. Assignments of Error

{¶8} On December 5, 2022, Kristopher timely filed notices of appeal.[1] Kristopher's appeals were subsequently consolidated for purposes of briefing and argument. He raises the following two assignments of error for our review:

> **1. The trial court committed plain error in granting legal custody of the children to the proposed custodian when she did not appear before the court pursuant to R.C. 2151.353(A)(3)(d).**
>
> **2. The trial court erred in not addressing the issue of appellant-father's visitation with the minor children.**

## III. Discussion

**A. First Assignment of Error: Did the trial court commit plain error by giving legal custody to Kelly although she was not at the legal custody hearing?**

{¶9} In his first assignment of error, Kristopher argues that the trial court erred by awarding legal custody of K.F., A.F., and Ka.F. to Kelly. Kristopher maintains that Kelly's presence at the legal custody hearing was mandated by R.C. 2151.353(A)(3)(d) and her absence from the hearing precluded the trial court from granting her legal custody of K.F., A.F., and Ka.F.[2]

{¶10} At the outset, we note there was no objection to Kelly's absence from the legal custody hearing. As a consequence, Kristopher has forfeited all but plain error with respect to Kelly's absence from the legal custody hearing. *See In re A.B.*,

---

[1] Kimisha did not file a notice of appeal and, therefore, is not a party to this appeal.
[2] Ironically, neither Kristopher nor Kimisha attended the custody hearing although their respective counsel were in attendance.

Case No. 17-22-13, 17-22-14, 17-22-15

12th Dist. Brown No. CA2016-11-021, 2017-Ohio-5776, ¶ 25-26; *In re Bouska*, 5th Dist. Tuscarawas No. 2007AP090063, 2008-Ohio-3277, ¶ 35.

{¶11} The plain-error doctrine is not favored in appeals of civil cases. *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. It "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* "The doctrine implicates errors that are 'obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect [sic] on the character and public confidence in judicial proceedings.'" *Denier v. Carnes-Denier*, 12th Dist. Warren Nos. CA2016-02-012 and CA2016-04-022, 2017-Ohio-334, ¶ 26, quoting *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982).

{¶12} Kristopher's argument is based on R.C. 2151.353(A)(3)(d), which provides:

> (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
>
> * * *
>
> (3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. A person identified in a

-6-

complaint or motion filed by a party to the proceedings as a proposed legal custodian shall be awarded legal custody of the child only if the person identified signs a statement of understanding for legal custody that contains at least the following provisions:

* * *

(d)   That the person understands that the person must be present in court for the dispositional hearing in order to affirm the person's intention to become legal custodian, to affirm that the person understands the effect of the custodianship before the court, and to answer any questions that the court or any parties to the case may have.

R.C. 2151.353(A)(3)(d).  "[T]he legislative purpose of the signed statement of understanding under R.C. 2151.353(A) is to help insure that prospective legal custodians are apprised of the significant responsibilities they will undertake." *In re W.A.*, 5th Dist. Muskingum No. CT2013-0002, 2013-Ohio-3444, ¶ 16.

{¶13} Here, there is nothing in the record to suggest that Kelly did not appreciate the effect of legal custodianship or the significant responsibilities she was undertaking by becoming K.F., A.F., and Ka.F.'s legal custodian.  Although Kelly did not attend the legal custody hearing, she signed the statement of understanding as required by R.C. 2151.353(A)(3).  By signing the statement of understanding, Kelly affirmed that she understood that "custodian responsibilities are permanent in nature and will endure as long as the child is in high school, or until the child reaches 18, whichever is longer."  (Doc. No. 152).  Furthermore, the GAL recommended that Kelly receive legal custody of K.F., A.F., and Ka.F., and an Agency supervisor

testified that there had never been a concern about Kelly's ability to meet the children's needs and that Kelly had demonstrated that she was prepared for "the long-term care of the girls." (Oct. 5, 2022 Tr. at 28-29). Accordingly, there is nothing in the record of this case to suggest that legal custody would not have been granted to Kelly had she been present at the hearing, and this is certainly not a case involving exceptional circumstances where the court's error, if any, calls into question the very legitimacy of the underlying judicial process. *See In re A.B.*, 2017-Ohio-5776, at ¶ 28; *In re Bouska*, 2008-Ohio-3277, at ¶ 34-36. While the preferred practice is for the party accepting legal custody to personally appear before the trial court, we conclude that the trial court did not commit plain error by granting legal custody of K.F., A.F., and Ka.F. to Kelly notwithstanding her absence from the legal custody hearing.

{¶14} Kristopher's first assignment of error is overruled.

**B. Second Assignment of Error: Did the trial court err by failing to address Kristopher's visitation in its order granting legal custody to Kelly?**

{¶15} In his second assignment of error, Kristopher argues that the trial court erred by awarding legal custody of K.F., A.F., and Ka.F. to Kelly without addressing the issue of visitation. He contends that he is entitled to reasonable visitation with his children and that the trial court was required to address visitation in its judgment granting legal custody to Kelly.

{¶16} Kristopher's argument is without merit. At the time of the legal custody hearing, Kristopher did not have visitation with any of the three children. According to the Agency supervisor, Kristopher had last visited with his children on April 19, 2022. (Oct. 5, 2022 Tr. at 13, 25). Kristopher's visitation was judicially suspended on May 20, 2022, and in the following months, Kristopher did not complete required assessments or engage in services as necessary to resume visitation. (Oct. 5, 2022 Tr. at 25). Thus, by the time of the October 5, 2022 legal custody hearing, it had been nearly six months since Kristopher had seen K.F., A.F., and Ka.F. Moreover, when Kristopher did have scheduled visitations with the children, he attended only four of them. Finally, at the time of the legal custody hearing, which Kristopher did not attend, Kristopher did not have a pending motion to reinstate visitation, and he made no arguments regarding what visitation would be reasonable between himself and his children. Therefore, at the time the trial court awarded legal custody to Kelly, there was no basis upon which it could reasonably order visitation between Kristopher and K.F., A.F., and Ka.F. *In re A.G.*, 9th Dist. Summit No. 28861, 2018-Ohio-2835, ¶ 11 (trial court did not err by failing to award mother visitation with her child where mother did not request visitation in her motion for legal custody, made no argument concerning what would constitute reasonable visitation, did not have contact with child for eight months before hearing, and rarely visited with child). Accordingly, we conclude that the trial court

did not err by granting legal custody of K.F., A.F., and Ka.F. to Kelly without addressing the issue of Kristopher's visitation.

**{¶17}** Kristopher's second assignment of error is overruled.

### IV. Conclusion

**{¶18}** For the foregoing reasons, Kristopher's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the Shelby County Court of Common Pleas, Juvenile Division.

***Judgments Affirmed***

**WILLAMOWSKI and WALDICK, J.J., concur.**

**/jlr**